■ ALAS INTERNATIONAL LIMITED, Respondent-Appellant, v NELSON RAMIZ et al., Appellants-Respondents, et al., Counterclaim Defendants. [692 NYS2d 378] —Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered November 6, 1998, which, *inter alia*, granted plaintiff's motion for summary judgment on the issue of liability as against the individual defendants but not as against defendant Corporacion Alas De Venezuela (CAV), granted plaintiff's motion for an accounting from defendants Ramiz and Velasquez, and denied plaintiff's motion for imposition of a constructive trust, unanimously modified, on the law, insofar as to also grant summary judgment on liability as against defendant CAV, and otherwise affirmed, without costs. Order, same court and Justice, entered January 13, 1999, which, to the extent appealable, granted defendants' cross motion to reargue and, upon reargument, adhered to its prior determination, unanimously affirmed, without costs. Orders, same court and Justice, entered January 27, 1999 and February 5, 1999, which, respectively, granted plaintiff's motion to fix the scope and due date of an accounting and denied defendants' motion for partial summary judgment, unanimously affirmed, without costs.

It is undisputed that the parties' Memorandum of Understanding was executed by the individual defendants and that in accordance with the Memorandum, the assets of a bankrupt Venezuelan airline were purchased by the corporate defendant with funds provided by plaintiff. Pursuant to the Memorandum, defendants were required to transfer the purchased assets to plaintiff. Nevertheless, they made no attempt to do so. Defendants never applied for a license to export the assets from Venezuela to plaintiff, and have not paid plaintiff rent or other compensation for the use of the assets. Defendants have breached the parties' agreement and converted to their own use the assets paid for by plaintiff. Since defendants committed themselves in the Memorandum to act as plaintiff's fiduciaries, the breaches of the parties' understanding as embodied in the Memorandum are all the more egregious. Their defenses were properly found by the IAS Court to be without substance.

The motion court granted plaintiff's motion for summary judgment only as against the individual defendants. This was error. We modify to grant summary judgment against defendant CAV as well. The terms of the Memorandum bind the

corporate defendant CAV to the performance of certain contractual obligations.

We have considered the parties' remaining arguments for affirmative appellate relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.